UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE JUARBE,

                             Plaintiff,

                                                    Case # 16-CV-6048-FPG

v.

                                                    DECISION AND ORDER

SHEAHAN and HUGHES,

                             Defendants.

On September 19, 2016, *pro se* Plaintiff Jose Juarbe requested that the Clerk of Court enter default against Defendants Sheahan pursuant to Fed. R. Civ. P. 55(a). ECF No. 15. The Clerk of Court entered the requested default that same day. ECF No. 16. Shortly thereafter, Defendants moved to vacate the Clerk's Entry of Default (ECF No. 17), and in response, Plaintiff moved for default judgment pursuant to Fed. R. Civ. P. 55(b). ECF No. 20. In addition, Plaintiff has requested the appointment of counsel. ECF No. 23.

In moving to vacate the Clerk's entry of default, Defendants argue that under a Standing Order of the Western District of New York, they have 60 days from the date Defendants sign the acknowledgement of service to answer the Complaint. Defendants are correct. Here, Defendants signed the acknowledgements on August 9, 2016, so they had 60 days thereafter to file their answers. However, the Clerk applied an incorrect date to calculate the time period for Defendants to answer, and as a result, entered default on September 19, 2016 – although Defendants actually had until October 10, 2016 to file their answers. As a result, the entry of default by the Clerk of Court was erroneous, Defendants' Motion to Vacate the Clerk's Entry of Default (ECF No. 17) is GRANTED, and the Clerk's Entry of Default (ECF No. 16) is hereby VACATED.

Since no default occurred by Defendants, and with the Clerk's Entry of Default now vacated, Plaintiff's Motion for Default Judgment (ECF No. 20) is DENIED.

Regarding Plaintiff's Motion to Appoint Counsel (ECF No. 23), there is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted in this case. The claims presented in this case are not complex, and from reading the Plainitff's prior submissions, he appears to be articulate and has demonstrated the ability to adequately present his own claims. In addition, there are no special reasons that would favor the appointment of counsel. Plaintiff's Motion to Appoint Counsel (ECF No. 23) is therefore DENIED. It remains Plaintiff's responsibility to either retain counsel, or to press forward with this action *pro se*.

## CONCLUSION

For the reasons stated, Defendants' Motion to Vacate the Clerk's Entry of Default (ECF No. 17) is GRANTED, and the Clerk's Entry of Default (ECF No. 16) is hereby VACATED.

Plaintiff's Motion for Default Judgment (ECF No. 20) is DENIED, as is Plaintiff's Motion to Appoint Counsel (ECF No. 23).

By separate Order, this case will be referred to a United States Magistrate Judge for pretrial proceedings.

IT IS SO ORDERED.

DATED:     August 18, 2017
           Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court